**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| **IN RE:** | ) | |
| | ) | |
| | ) | |
| **Byron Kent Freeman,** | ) | **Case No. 25-12700-SAH** |
| Debtor. | ) | **Chapter 7** |
| | ) | |
| **Oklahoma Department of Securities,** | ) | |
| *ex.rel* **Melanie Hall, Administrator,** | ) | |
| **Plaintiff** | ) | |
| | ) | **Adv. Proc. No.** _____ |
| **v.** | ) | |
| | ) | |
| **Byron Kent Freeman,** | ) | |
| **Defendant** | ) | |
| | ) | |
| | ) | |

## COMPLAINT OBJECTING TO DISCHARGE UNDER 11 U.S.C § 727(a)(12) AND SEEKING TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 USC § 523(a)(19)

The Oklahoma Department of Securities *ex rel.* Melanie Hall, Administrator (Complainant), a creditor in this Chapter 7 Bankruptcy Case, respectfully alleges:

1.  This is an adversary proceeding objecting to the discharge of the Debtor pursuant to Bankruptcy Rules 4004 and 7001(d) and to determine the dischargeability of a debt pursuant to Bankruptcy Rules 4007 and 7001(f).

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157.

3.  On August 29, 2025, the above-named debtor, defendant herein, filed a petition for relief under Chapter 7 of Title 11, United States Code.

4. The Administrator of the Department is the State of Oklahoma official charged with administering and enforcing the Oklahoma Securities Act of 2004, Okla. Stat. tit. 71, §§ 1-101 through 1-701 ("Oklahoma Securities Act").

5. Complainant consents to final orders or judgment by this Court with respect to the discharge and dischargeability of debt of this Debtor. Complainant has sued Debtor in the District Court of Oklahoma County for violations of the Oklahoma Securities Act as described below and litigation of those cases will be subject to final orders and judgment of the Oklahoma courts.

6. The Department has sued Debtor for violations of the Oklahoma Securities Act. **See Exhibit 1 -** *Oklahoma Department of Securities ex rel. Melanie Hall, Administrator vs. Premier Global Corporation, et. al,* CJ-2022-5066, Oklahoma County District Court (the "*Premier Civil Amended Petition*") and **Exhibit 2 -** *Oklahoma Department of Securities ex rel. Melanie Hall, Administrator vs. Byron Kent Freeman*, CJ-2025-9405, Oklahoma County District Court (the "*Freeman Civil Petition*") (collectively, "Oklahoma Securities Act Enforcement Proceedings").

7. The *Premier Civil Amended Petition* was filed on March 15, 2024. Complainant alleges therein that Debtor, in connection with a massive Ponzi scheme, offered and sold unregistered securities, that Debtor himself was unregistered to sell securities, and that Debtor made untrue statements of material fact in connection with those offers and sales, and engaged in an act, practice, or course of business that operates as a fraud or deceit on investors, in violation of Sections 1-301, 1-402, and 1-501 of the Oklahoma Securities Act.

8. The *Freeman Civil Petition* was filed on December 19, 2025. Complainant alleges therein that Debtor, in connection with orchestrating his own Ponzi scheme, offered and sold

unregistered securities, made untrue statements of material fact in connection with those offers and sales, engaged in an act, practice, or course of business that operates as a fraud or deceit on investors, made unlawful statements in a record or proceeding before the Administrator of the Department, and engaged in dishonest and unethical practices as an investment adviser representative in violation of Sections 1-301, 1-501, and 1-505 of the Oklahoma Securities Act and Rule 660:11-7-42 of the Rules of the Oklahoma Securities Commission and the Administrator of the Department of Securities, OAC 660:11 ("Rules").

9.  The Oklahoma Securities Act Enforcement Proceedings are pending with respect to Debtor and the debts owed to Complainant are unliquidated. Complainant asserts that Debtor owes Twenty-Eight Million Five Hundred Forty-One Thousand Five Hundred Thirty-Seven Dollars and Two Cents ($28,541,537.02) inclusive of restitution to defrauded investors, disgorgement of illegally received sales commissions, and civil penalties authorized under the Oklahoma Securities Act.

10. The Oklahoma Securities Act Enforcement Proceedings, under which Debtor may be found liable for violations of state securities laws, disqualify Debtor from discharge under 11 U.S.C. § 727(a)(12).

11. Any debt determined to be owed to Complainant in the Oklahoma Securities Act Enforcement Proceedings is excepted from dischargeability in bankruptcy under 11 U.S.C. § 523(a)(19).

Wherefore, Complainant respectfully requests this Court for an order:

(1) denying the Debtor's discharge; or, in the alternative, delaying consideration of Debtor's discharge until the pending Oklahoma Securities Act Enforcement Proceedings are resolved;

(2) determining that debt based on Complainant's allegations in the Oklahoma Securities Act Enforcement Proceedings against Debtor is non-dischargeable; and

(3) granting such other relief as the Court deems just and proper.

Respectfully submitted,

By: **/s/ Shaun Mullins**

Shaun Mullins, OBA #16869
Oklahoma Department of Securities
204 N. Robinson Avenue, Suite 400
Oklahoma City, OK 73102
Telephone: 572.246.8028
Facsimile: 405.280.7742
Email: smullins@securities.ok.gov
*Attorney for Oklahoma Department of Securities*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of January, 2026, that I electronically transmitted a true and correct copy of the foregoing document to the Court Clerk using the CM/ECF system of filing, which will transmit a Notice of Electronic Filing to participants according to local procedures.

I further certify that a copy of the foregoing document was served on the following party by sending postage prepaid, in the United States Mail, by first-class mail on the 29th day of January, 2026:

Byron Kent Freeman
3008 NE 130th St.
Edmond OK 73013
*Debtor*

*/s/ Michelle Statham*
Paralegal